UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNEMARIE CRONIN,

    Plaintiff,

vs.                                                    Case No. 12-13249

BANK OF AMERICA,                         HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**(Doc. 4)[1]**
**AND DISMISSING CASE**

**I. Introduction**

This is another of one of many cases pending in this district involving a mortgage and subsequent foreclosure proceedings. Plaintiff Annemarie Cronin (Cronin) is suing defendant Bank of America (BOA). The mortgage has been foreclosed on and the redemption period has expired. Nevertheless, Cronin is claiming a right to the property which was subject to the mortgage. The complaint asserts the following claims: (1) quiet title, (2) fraud, (3) violation of Michigan Consumer Protection Act (MCPA), and (4) injunctive relief.

Before the Court is BOA's motion to dismiss. As will be explained, the motion has been supplemented following the filing of an amended complaint and has been pending while BOA reviewed plaintiff's eligibility for a loan modification, the latter of which was unsuccessful. For the reasons that follow, BOA's motion will be granted and this case will be dismissed.

---

      [1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

## II.  Background

On or about September 7, 2001, Cronin and her husband, John J. Messana obtained a $180,000.00 loan from American Mortgage Network, Inc. d/b/a American Mortgage Network of Michigan (American Mortgage) and executed a promissory note evidencing the loan.  As security for the loan, Cronin and her husband granted a mortgage to American Mortgage on real property commonly known as 4343 Brandywine, Troy, Michigan 48098 (the "Property").  The mortgage was recorded.  BOA has acted as the servicing agent for the mortgage.  Cronin's husband died in 2002, at which point she became the sole mortgagor.

Cronin defaulted on her mortgage by failing to make her January 2011 monthly payment.  BOA then initiated foreclosure proceedings.  A sheriff's sale was held on November 15, 2011 and the mortgage was foreclosed at that time.  The sheriff's deed was recorded on November 22, 2011.  BOA purchased the property at the sale for $169,772.73.  The Affidavit of Purchaser shows that the last day the Property could have been redeemed was May 15, 2012.  Cronin did not redeem.  Thus, as of May 15, 2012, title to the property vested in BOA..

## III.  Procedural History

On or about June 19, 2012 – over a month after expiration of the redemption period –Cronin filed a "Verified Complaint for Quiet Title, Injunction and Other Relief" in Oakland County Circuit Court.  BOA removed the case to this court.  The complaint asserts four causes of action:  (1) Quiet Title; (2) Fraud; (3) Michigan Consumer Protection Act (MCL 445.901 et seq.); and (4) Injunction.   BOA then filed a motion to dismiss the complaint (Doc. 4).

On January 29, 2013, the Court held a status conference with the parties at which BOA's pending motion to dismiss (Doc. 4) was discussed. The Court then entered a scheduling order (Doc 12) which directed in part[2] the following:

> 1. Cronin shall file within ten (10) days a proposed amended complaint which contains more particular allegations as to her claim for fraud, as to both the events surrounding the mortgage life insurance policy and Cronin's attempt at a loan modification.
>
> 2. Ten (10) days after Cronin files the proposed amended complaint, BOA shall supplement its motion to dismiss. The supplement shall be aimed at the proposed amended complaint and address recent case law in this area, particularly the Michigan Supreme Court's decision in <u>Kim v. JPMorgan Chase</u>, N.A., 2012 Mich. LEXIS 2220 (Mich. Dec. 21, 2012).

Cronin then filed a proposed amended complaint[2] (Doc. 13) and BOA has filed a supplemental brief to its motion to dismiss (Doc. 15). At the Court's direction, (Doc. 16) Cronin filed a response, (Doc. 17), and BOA filed a reply. (Doc. 18).

Meanwhile, the parties jointly advised the Court that Cronin delivered all necessary documentation to determine her eligibility for a loan modification and BOA determined that Cronin was not eligible for a loan modification. The parties also advised that other settlement options were explored, but were not successful. (Doc. 14).

## IV. Legal Standard

---

[2]The Court also asked to be advised as to the status of a loan modification. On February 8, 2012, the parties jointly advised the Court that BOA has determined Cronin is not eligible for a loan modification and other settlement options have not been successful. The parties also jointly asked that the Court proceed on the motion to dismiss. (Doc. 14).

[2]The proposed amended complaint does not contain a claim under the Michigan Consumer Protection Act. Thus, this claim is deemed dismissed and will not be addressed.

3

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

4

Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

### V. Analysis

### A. Expiration of the Redemption Period

Before addressing Cronin's claims, it is undisputed that Cronin failed to exercise her statutory right to redeem the foreclosed property before the six-month statutory redemption period expired. As the Court of Appeals for the Sixth Circuit and Michigan Supreme Court recently observed, this fact has significant consequences.

"[U]nder Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the execution of the mortgage' vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." El-Seblani v. IndyMac Mortg. Servs., No. 12-1046, 2013 WL 69226, *3 (6th Cir. Jan. 7, 2013) (quoting M.C.L.§ 600.3236 and citing Piotrowski v. State Land Office Bd., 302 Mich. 179 (1942), as support). "A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that litigation might vindicate." Id.

Michigan courts do, however, "allow 'an equitable extension of the period to

5

redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant." Id. (quoting Schulthies v. Barron, 16 Mich. App. 246 (1969)). "The misconduct must relate to the foreclosure procedure itself." Id. "Moreover, because the foreclosure statutes are intended to create finality and certainty in property rights, an action challenging foreclosure must be brought 'promptly and without delay.'" Id. (quoting Richard v. Schneiderman & Sherman, PC, 294 Mich. App. 37 ( 2011), rev'd on other grounds, 490 Mich. 1001 (2012)). Thus, Cronin can bring an action to challenge the foreclosure proceedings after the expiration of the redemption period. The scope of relief, however, is circumscribed, as explained below.

### B. Setting Aside the Foreclosure

To the extent Cronin argues that because of the statutory violations that she alleges Wells Fargo committed, the foreclosure sale of the property should be declared void *ab initio*, it is not well-taken. A recent Michigan Supreme Court decision held, contrary to an earlier Sixth Circuit decision, that under Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not void *ab initio*. See Kim v. JPMorgan Chase Bank, N.A., ___ N.W.2d ___, 2012 WL 6858059, *5-6 (Mich. Dec. 21, 2012) (reviewing Davenport v. HSBC Bank USA, 739 N.W.2d 383, 384 (Mich. Ct. App. 2007), the decision the Sixth Circuit relied upon for its contrary holding in Mitan v. Fed. Home Loan Mortg. Corp., ___ F.3d ___, 2012 WL 6200257 (6th Cir. Dec. 12, 2012), and holding that "Davenport's holding was contrary to the established precedent of [the Michigan Supreme] Court.").

Thus, under controlling Michigan law, the foreclosure sale cannot be declared void *ab initio*. See Savedoff v. Access Group, Inc., 524 F.3d 754, 762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's highest court when applying state law). So, the issue this Court must now address is whether, under Michigan law, the foreclosure sale on the property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's recent decision in Kim instructs on this issue as well. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." *Id*. at *6. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Id. The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. Id. at *9. These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." Id. (Markman, J. concurring) (internal quotation marks and citations omitted).

Applying Kim, Cronin cannot establish the prejudice required to set aside the

foreclosure sale. This is so because none of her claims relating to her mortgage and the foreclosure proceedings are viable, as explained below.

### C. Plaintiff's Claims

#### 1. Count I - Quiet Title

In count I, Cronin seeks to quiet title based on alleged irregularities in the loan modification process. In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that plaintiff properly allege his or her ownership interest in the property. M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, Cronin has not made a showing of fraud or irregularity sufficient to unwind the foreclosure sale. Indeed, there "must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." Houston, 2012 WL 5869918, at *5. That is not the case here. Cronin has not alleged,

nor has she proffered any evidence, that there was fraud or an irregularity that occurred during the foreclosure process. Rather, Cronin alleges that she was solicited by her lender in February 2011 to participate in Making Homes Affordable Program, that she was denied a modification in September 2011 for failing to provide certain documents, and she was never informed that she did not qualify for the program r that her application was closed. She goes on to allege that BOA "unduly interfered with the [loan modification] process by causing confusion and delay." These unsupported allegations are insufficient to sustain a viable quiet title claim. Moreover, as explained in BOA's papers, the record shows BOA conducted foreclosure proceedings properly and in accordance with Michigan foreclosure by advertisement law.

Moreover, any claim sounding in fraud is subject to the heightened pleading requirements under Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) provides that "[iln alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). The complaint fails to meet this pleading requirement. Cronin has not alleged that BOA, or its agents, made any material misrepresentations, or that she reasonably relied on any such statements to her detriment.[3]

---

[3]In order to state a claim of fraud, Cronin must plead:
(1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by Plaintiffs; (5) that Plaintiffs acted in reliance upon it; and (6) that he thereby suffered injury.

Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (Mich. 1976) (internal quotations omitted). The absence of any one of these elements is fatal to recovery. Id. at 336.

Plaintiffs' quiet title claim fails for an additional reason. The Sixth Circuit has recently held that a quiet title claim is a remedy, and not a separate cause of action. Goryoka v. Quicken Loan, Inc., 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).

### 2. Count II - Fraud

In Count II, Cronin alleges fraud in both the loan modification process and in her efforts to obtain a mortgage life insurance policy. As discussed above, Cronin has not alleged a viable claim regarding her loan modification.

Regarding the mortgage life insurance policy, BOA contends that the amended complaint fails to plead allegations of fraud with particularity and, in any event, any such claim is barred by the statute of limitations. The Court agrees.

First of all, Cronin's allegations of fraud relating to the mortgage life insurance policy are directed against her lender, a non-party. Moreover, she has not alleged with the requisite particularity the nature of the misrepresentations regarding the policy, who made the misrepresentations. At best, Cronin alleges that she and her husband met with someone from the lender in 1994 or 2001 when they refinanced their mortgage. She does not allege who assured her and her husband that the mortgage life insurance policy would be rolled over into the new mortgage.

Secondly, even if her claim was sufficiently plead, it is clearly time barred. Under Michigan law, fraud claims are subject to a six-year statute of limitations. M.C.L. § 600.5813; Future Now Enterprises, Inc. v. Foster, 860 F. Supp. 2d 420, 428 (E.D. Mich. 2012). The limitation period begins to run from the date the fraud is done. See Shaya v. Countrywide Home Loans, Inc., 489 F. App'x 815 (6th Cir. 2012), as amended (May 24, 2012); Foster, 860 F. Supp. 2d at 428 ("A claim for fraud accrues when the

fraudulent misrepresentation is made."); Boyle v. Gen. Motors Corp., 468 Mich. 226, 232, 661 N.W.2d 557, 560 (2003) (holding that the six-year statute of limitations period begins when the fraud is done).

Here, Cronin's allegations of fraud pertain to the lender's alleged failure to rollover the mortgage life insurance policy at or after the 2001 refinancing. Cronin further alleges that she discovered this lapse in the policy sometime in October or November 2002, following her husband's death. However, Cronin did not file her complaint against BOA until June 18, 2012. Her fraud claim is nearly a decade old, and thus clearly is barred by the six-year statute of limitations. While Cronin asks for discovery in order to further develop this claim, discovery is not warranted on a claim that is time barred.

### 3. Count III - Injunctive Relief

In Count III, Cronin requests injunctive relief. This claim must be dismissed because injunctive relief is a remedy, not a cause of action. See Terlecki v. Stewart, 278 Mich. App. 644, 663 (2008); Tann v. Chase Home Fin., L.L.C., Case No.10–14696, 2011 WL 3799841, *10 (E.D. Mich. Aug.26, 2011) ("[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.")

Even if Cronin's claim for injunctive relief was brought as a proper claim, it still fails. Injunctive relief is an extraordinary remedy that is granted only when "(1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury." Head v. Phillips Camper Sales & Rental, Inc., 234 Mich. App. 94, 110 (1999). Injunctive relief requires the Court to consider:

> (1) whether the movant has show a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;

11

   (3) whether the issuance of the injunction would cause substantial harm to others; and
   (4) whether the public interest would be served by issuing the injunction.

<u>Overstreet v. Lexington–Fayette Urban County Gov't</u>, 305 F.3d 566, 573 (6th Cir.2002).

Here, Cronin has not shown a likelihood of success on the merits because she has not set forth a plausible challenge to the foreclosure proceedings. While Cronin may allege irreparable harm in having to leave the property, it is equally arguable that BOA would suffer substantial harm because it owns the property. Overall, Cronin is not entitled to injunctive relief. Count III must therefore be dismissed.

### VI. Conclusion

  As explained above, Cronin has failed to allege a plausible claim for relief arising out of her mortgage and subsequent foreclosure. Accordingly, BOA's motion to dismiss is GRANTED. This case is DISMISSED.

  SO ORDERED.


             S/Avern Cohn
             AVERN COHN
             UNITED STATES DISTRICT JUDGE

Dated: June 11, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2013, by electronic and/or ordinary mail.

             S/Sakne Chami
             Case Manager, (313) 234-5160